OPINION
{¶ 1} Defendant-appellant Nickie D. Craft ("Craft") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing him to eighteen months in prison for non-support of dependants.
 {¶ 2} On November 1, 1995, Craft was adjudicated as the biological father of Zachary Craft. The paternity order contained a support order in the amount of $29.00 per week retrospective to September 29, 1995. In 2002, the support order was increased to $74.26 per week. The support order was subsequently reduced to $63.65 per week.
 {¶ 3} In 1996, Craft was found to be in contempt of court for non-payment of support. A second contempt action was brought in 1999 for non-support. Between August 30, 2002, and August 27, 2004, Craft made only one ordered support payment. The accumulated arrearage totaled $7,659.39. Craft was also prosecuted in Allen County for a felony non-support of a dependant in that jurisdiction.
 {¶ 4} On September 24, 2004, the Auglaize County Grand Jury indicted Craft on one count of non-support of a dependant, a felony of the fifth degree, in case number 2004-CR-99. Craft was arraigned on October 5, 2004. During the discovery portion of that case, Craft's case was resubmitted to the grand jury for reconsideration with additional evidence. This led to a new indictment which increased the charge to a fourth degree felony, in case number 2004-CR-116. Case number 2004-CR-99 was dismissed. On November 19, 2004, Craft was arraigned on the new indictment and entered a plea of not guilty. On January 3, 2005, Craft entered a plea of guilty and a presentence investigation was ordered. The trial court held the sentencing hearing on February 22, 2005. The trial court then ordered Craft to serve the maximum sentence of 18 months in prison. Craft appeals from this judgment and raises the following assignment of error.
The trial court committed prejudicial error when it failed to properlyfollow the sentencing criteria set forth in [R.C. 2929.14] resulting in[Craft] receiving a sentence which is contrary to law.
 {¶ 5} In his assignment of error, Craft claims that his sentence is contrary to law. When imposing a maximum sentence, the trial court is required to make certain findings and to set forth reasons on the records for those findings. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473. Specifically the trial court must find that either the offender has previously served a prison term or that the shortest prison term would demean the seriousness of the conduct in order to impose more than the minimum sentence. R.C. 2929.14(B). Before it can impose the maximum sentence, the trial court must find that the offender committed the worst form of the offense or posed the greatest likelihood of committing future crimes. R.C. 2929.14(C). In making these determinations, the trial court must consider the factors in R.C. 2929.12
and R.C. 2929.13. Once these determinations have been made, the trial court must set forth its reasons on the record for imposing the maximum sentence. R.C. 2929.19(B)(2)(d).
 {¶ 6} Here, the trial court considered the statutory factors set forth in R.C. 2929.12 and R.C. 2929.13. The trial court found and the record clearly indicates that Craft has previously served a prison term. However, the trial court failed to set forth any reasons on the record as to why it was imposing maximum sentences as required by R.C. 2929.19. Thus, the assignment of error is sustained.
 {¶ 7} The judgment of the Court of Common Pleas of Auglaize County is reversed and the matter remanded for further proceedings.
Judgment reversed and cause remanded.
 Rogers and Shaw, JJ., concur.